**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

**EDMUND HEALY**, and
**TRUDY VALERIO HEALY**,

     Plaintiffs,

vs.                                                           No. **CIV 03-1332 MCA/WDS**

**UNITED STATES FIDELITY
AND GUARANTY COMPANY** and
**METROPOLITAN PROPERTY
AND CASUALTY INSURANCE
COMPANY,**

     Defendants.

**MEMORANDUM OPINION AND ORDER OF REMAND**

**THIS MATTER** comes before the Court on Plaintiffs' *Motion to Remand* (Doc. 3), filed November 26, 2003. Having reviewed the submissions of the parties, the relevant law, and otherwise being fully advised in the premises, the Court finds that this case does not satisfy the statutory requirements for subject-matter jurisdiction and must be remanded to the Eighth Judicial District Court, County of Taos, State of New Mexico.

**I.    BACKGROUND**

On October 20, 2003, Plaintiffs Edmund and Trudy Valerio Healy (Healys) filed the underlying complaint against Defendants United States Fidelity and Guaranty Company (USF&G) and Metropolitan Property and Casualty Insurance Company (MetLife)

(collectively Defendants) in the Eighth Judicial District Court, County of Taos, State of New Mexico. (Doc. 1, attached Complaint). The Healys, who held a homeowners' insurance policy originally issued by USF&G and later assumed by MetLife, sought declaratory relief and money damages incurred as a result of Defendants' failure to defend and indemnify them in a personal-injury lawsuit brought by Jerry Young and Marguerita Breen-Young (the Young lawsuit). (Id.). In Counts I and II of their six-count complaint, the Healys sought a declaration that Defendants were obligated to defend and indemnify them in the Young lawsuit, as well as a declaration that Defendants had waived and were estopped from asserting any rights against providing coverage with respect to the Young lawsuit. (Id., attached Complaint at 7-10). In Counts III to VI, the Healys alleged breach of contract, bad faith, breach of the covenant of good faith and fair dealing, and violations of New Mexico's Unfair Insurance Practices Act (UIPA). In each of Counts III to V, the Healys sought compensatory and punitive damages, interest, costs and attorneys' fees incurred in connection with the defense of claims asserted against them in the Young lawsuit, costs and attorneys' fees incurred in connection with the instant lawsuit, and all other relief deemed appropriate by the Court. With respect to the UIPA claim, the Healys sought actual damages and attorneys' fees. (Id., attached Complaint at 10-14).

     Defendants then filed a notice of removal pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 on grounds of complete diversity of citizenship between Defendants and the Healys and an amount in controversy in excess of the jurisdictional minimum of $75,000, "even though Plaintiffs' Complaint is silent as to the specific amount of damages that they claim." (Doc.

1 at 2-3). According to Defendants, because the Healys sought costs and attorneys' fees incurred in connection with the Young lawsuit, as well as exemplary damages, their Complaint "by definition" established an amount in controversy in excess of $75,000, and therefore the Court "may assume" that the jurisdictional minimum has been satisfied. (Id. at 3-4).

The Healys now move to remand their action to state court on the ground that Defendants have failed to set forth in their notice of removal any additional facts to show that the amount in controversy exceeds $75,000, instead relying solely on the allegations included in the Healys' Complaint. (Docs. 3 and 4). The Healys request this Court to order Defendants to pay the costs, expenses, and attorneys' fees incurred as a result of the removal. (Doc. 4 at 3). Defendants respond that because the litigation for which the Healys seek damages spanned a period of three years and included a three-week trial, "it is hard to imagine" that the Healys' claims do not exceed $75,000. Additionally, Defendants assert that the complexity of the Healys' allegations establishes that the amount in controversy is greater than $75,000. (Doc. 6). The Healys reply that Defendants' analysis requires the Court to speculate as to the amount actually in controversy, which is inappropriate in light of the Tenth Circuit's presumption against removal. They also dispute Defendants' characterization of this case as complex, suggesting instead that a fair reading of their Complaint demonstrates the relative straightforwardness of the dispute. (Doc. 8).

## II.     REMOVAL AND REMAND

Removal of a state-court action to a federal district court is controlled by 28 U.S.C. § 1441, which states, in relevant part,

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a). Pursuant to 28 U.S.C. § 1332(a), a federal district court may exercise diversity jurisdiction over a civil action if the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. Varela v. Wal-Mart Stores, East, Inc., 86 F. Supp. 2d 1109, 1110 (D.N.M. 2000). Amount in controversy normally is determined by the allegations in the complaint or, where they are not dispositive, by those included in the notice of removal. Laughlin v. K-Mart Corp., 50 F.3d 871, 873 (10th Cir. 1995) (internal citation omitted). When neither document suffices, the court may look to other relevant materials in the record at the time of removal. See id. In the case of an action originally brought in federal court, the plaintiff's claimed amount is presumed to support diversity jurisdiction. Martin v. Franklin Capital Corp., 251 F.3d 1284, 1289 (10th Cir. 2001). "The same is not true, however, when the case has been removed from state court." Id. In such a case, the defendant's claim as to the amount in controversy does not enjoy the same presumption of accuracy as does the plaintiff's. Additionally, where the plaintiff has failed to specify damages, the defendant bears the burden of proving amount in controversy by a preponderance of the evidence. Id. at 1289-90. Bare allegations that the amount exceeds the

jurisdictional minimum are insufficient; rather, the removing party must set forth the underlying facts supporting the assertion that the $75,000 floor has been met. See Laughlin, 50 F.3d at 873.  On the other hand, in its attempt to determine amount in controversy, the court may not ignore the context of the case, as informed by the substance of the complaint, or by other material in the record at the time of removal.  Hanna v. Miller, 163 F. Supp. 2d 1302, 1305 (D.N.M. 2001).  Still, because of the presumption against removal jurisdiction, removal statutes are construed narrowly, with uncertainties concerning federal jurisdiction resolved in favor of remand to state court.  Martin, 251 F.3d at 1289-90 (internal quotation omitted).

In light of the foregoing, the Court finds that Defendants have failed to demonstrate by a preponderance of the evidence that the amount in controversy exceeds $75,000.  To the extent that Defendants have set forth any underlying facts in support of their assertion that the amount in controversy exceeds the jurisdictional minimum, they have done so not in their notice of removal, but in their response to the Healys' motion to remand.  (See Docs. 1, 6). However, the law in this Circuit is clear that

> [Defendants'] economic analysis of [Plaintiffs'] claims for damages, prepared after the motion for removal and purporting to demonstrate the jurisdictional minimum, does not establish the existence of jurisdiction at the time the motion was made.  Both the requisite amount in controversy and the existence of diversity must be affirmatively established on the face of either the petition or the removal notice.

Laughlin, 50 F.3d at 873.  In support of their contention that the Healys' Complaint conclusively establishes that their claim exceeds $75,000, Defendants point to a letter from

the Healys' attorney, Jack Hardwick, to MetLife's litigation supervisor, in which Hardwick anticipates that third-party defendants in the Young lawsuit will collectively seek to recover more than $1 million in attorneys' fees. (Doc. 6 at 3; see also Doc. 1, Exh. F at 3). The Healys counter that Hardwick did not agree that the Healys would be liable for those fees, or represent that any of the third-party defendants had itemized their claims for fees. In short, the Healys argue that, notwithstanding Hardwick's prediction, the Court would still be required to speculate in order to conclude that the amount in controversy exceeds $75,000. (Doc. 8 at 2-3). Considering the materials in the record at the time of removal, as well as the narrow construction of removal statutes and the presumption against removal jurisdiction, the Healys' position is persuasive. See Martin, 251 F.3d at 1289-90 (internal quotation omitted). Accordingly, the Court concludes that this case must be remanded to state court.

As a final matter, the Court notes that the Healys request costs, expenses, and attorneys' fees incurred as a result of the removal. (Doc. 4 at 3). The Court does not find, however, that Defendants acted improperly in asserting its position regarding removal in this case. Therefore, the Court declines to award costs, expenses, or attorneys' fees to the Healys. See Daleske v. Fairfield Communities, Inc., 17 F.3d 321, 324-25 (10th Cir. 1994) (explaining that a central consideration in the district court's determination whether to award fees is the propriety of the defendant's removal).

**IT IS, THEREFORE, ORDERED** that Plaintiffs' *Motion to Remand* (Doc. 3] is **GRANTED IN PART** with regard to remanding this case to state court and **DENIED IN PART** with regard to the award of costs, expenses, and attorneys' fees.

**IT IS FURTHER ORDERED** that this action be and hereby is remanded to the Eighth Judicial District Court, County of Taos, State of New Mexico pursuant to 28 U.S.C. § 1447(c). Each party is to bear its own costs and attorneys' fees.

**SO ORDERED**, this **16th** day of **March, 2004**, in Albuquerque, New Mexico.

**M. CHRISTINA ARMIJO**
*United States District Judge*